# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 2:07-cv-263-TJW-CE |
| BLOCKDOT, INC., et al., | ) <br> ) |
| *Defendants*. | ) <br> ) |

## MOTION TO CONSOLIDATE CASES

Defendants CareerBuilder, LLC, the New York Times Company, CNET Networks, Inc., Digg, Inc., Jabez Networks, Inc., and Eric's Universe, Inc. (collectively, "Defendants") hereby file and present this Motion to Consolidate Cases. Specifically, Defendants respectfully request that this Court consolidate the present action (the "*Blockdot* action") with two related cases pending in this district: *Beneficial Innovations, Inc. v. AOL LLC et al.*, No. 2:07-cv-555-TJW-CE (the "*AOL* action"), and *Beneficial Innovations, Inc. v. CareerBuilder, LLC et al.*, No. 2:09-cv-175-TJW (the "*CareerBuilder* action"). Consolidation of these three related actions, some of which have already been consolidated before this Court for specified purposes, would serve the purposes of judicial efficiency and preserve the trial date previously set in this action by the Court.

## BACKGROUND

In the *AOL* action and the *Blockdot* action, Plaintiff Beneficial Innovations, Inc. sued a number of defendants alleging infringement of U.S. Patent No. 6,183,366 ("the '366 patent") (attached hereto as Exhibit A) and U.S. Patent No. 6,712,702 ("the '702 patent") (attached hereto as Exhibit B). The Court granted a Consent Motion to Consolidate the two actions for purposes of claim construction on September 23, 2008. (Order Consolidating Cases for Purposes of Claim Construction [*AOL* Dkt. No. 112].)

On March 25, 2009, Plaintiff filed a motion to further consolidate the two cases, seeking to have them consolidated up to and including the May 7, 2010 deadline for completion of briefing on dispositive motions—the deadline previously set for the *Blockdot* action. (Motion to Further Consolidate Pre-Trial Dates [*AOL* Dkt. No. 136], at 2.) On April 27, 2009, the parties filed a motion seeking to resolve Plaintiff's latest consolidation motion by consent. (Joint Motion to Revise Related Case Schedules in Order to Resolve by Agreement Plaintiff's Motion to Further Consolidate Pre-Trial Dates [*AOL* Dkt. No. 146].) The motion requested adjustment to the schedules in both the *AOL* action and the *Blockdot* action, including a change to the *Blockdot* trial date, and consolidation of the two cases through the summary judgment deadline. (*Id.* at 2-5.) This Court effectively granted this motion in issuing a new Docket Control Order in the *AOL* action and a similar order in the *Blockdot* case. (Docket Control Order (May 18, 2009) [*AOL* Dkt. No. 151]; Docket Control Order (May 15, 2009) [*Blockdot* Dkt. No. 169].)

On June 1, 2009, Plaintiff filed a third action against nearly every defendant[1] in the pending *AOL* and *Blockdot* actions, alleging infringement of U.S. Patent No. 7,496,943 ("the '943 patent") (attached hereto as Exhibit C). Despite the fact that the '943 patent issued on February 24, 2009, Plaintiff waited nearly four months to file the new lawsuit.

---

[1] Plaintiff did not sue Tribune Interactive, Inc. in the new action.

These three cases are closely related, involving numerous overlapping issues of law and fact. First, all three patents involve the same subject matter and claim similar inventions by the same inventors. The '702 patent is a continuation-in-part of the '366 patent, and the '943 patent is a continuation of the '366 patent. (*See* Exhibits A, B, C.) The specifications of the three patents are nearly identical, and all are allegedly directed to claims for methods of presenting content and advertising over a network. (*See* Exhibits A, B, C.) Second, Plaintiff accuses the same products in the *CareerBuilder* action as it does in the *AOL* and *Blockdot* actions. (*See* Complaint for Patent Infringement (filed June 1, 2009) [*CareerBuilder* Dkt. No. 1] ¶ 18; Complaint for Patent Infringement (filed Dec. 20, 2007) [*AOL* Dkt. No. 1] ¶ 23; Complaint for Patent Infringement (filed June 20, 2007) [*Blockdot* Dkt. No. 1] ¶ 16.)

Although the cases were filed at different points in time, fact deposition discovery in the *AOL* and *Blockdot* actions has only just begun. Indeed, Defendants proposed to Plaintiff a schedule that would allow the three consolidated cases to proceed together while maintaining the trial date set for the *AOL* action. The consolidated action would involve the parties complying with Patent Rules 3-1, 3-2, 3-3, 3-4, 4-1, and 4-2 with respect to the '943 patent during the October-December 2009 time period, and the parties would then proceed to comply with the remaining deadlines with respect to all three patents. The consolidated case would then be tried on the *AOL* trial date that is already on the Court's schedule. (*See* Proposed Consolidated Case Schedule (Exhibit D).)

Importantly, this Motion, if allowed, would provide for one consolidated *Markman* hearing on all three patents, and one consolidated trial. This would save the Court and the parties considerable resources and would result in a much more efficient way to litigate these three closely related cases.

# ARGUMENT

District courts have the discretion to consolidate cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). "[A] trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (internal quotations and citation omitted). Courts have found that consolidation was warranted in a variety of situations involving the same parties and the same, or related, patents. *See, e.g.*, *Timebase Pty Ltd. v. The Thomson Corp.*, Nos. 07-1687, 07-4551 (D. Minn. May 6, 2008) (consolidating cases involving different patents, noting the patent in one case was a continuation-in-part of the patent in the other, and the cases involved the same accused products); *Sandisk Corp. v. Phison Electronics Corp.*, 538 F. Supp. 2d 1060 (W.D. Wis. 2008) (same, noting "[t]he cases involve allegations of infringement against the same products, share prosecution history and prior art and involve at lease one prominent claim term"); *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514, 2007 WL 2892707 (D. Del. Sept. 30, 2007) (same, noting "[t]he related technologies at issue in these patents, the fact that all claims of infringement are based on the same device, and that both cases involve the same parties"); *Paxonet Comm's, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (same, noting that "the technology of the . . . patents . . . appear to be related").

Moreover, Plaintiff would suffer little prejudice from consolidation. Plaintiff has previously recognized the efficiency of consolidating related cases. In moving for consolidation through dispositive motion briefing, Plaintiff argued:

> [K]eeping the deadlines for these events [in the *AOL* and *Blockdot* actions] as they currently stand would lead to the unnecessary duplication of time and resources, including the Court's time and resources. For example, it is likely that the same expert(s) disclosed by Beneficial Innovations in the Blockdot Action will be disclosed by Beneficial Innovations in the AOL action. As the docket control order currently stands, Beneficial Innovations would have to present its

> expert witness[es] for depositions on the same or similar expert report, and would have to respond to dispositive motions regarding its expert[s], on two separate occasions. Likewise, any motion filed by the Defendants regarding Beneficial Innovations' expert would be heard by the Court twice. This result is unnecessary and certainly leads to a waste of resources.

(Plaintiff Beneficial Innovations, Inc.'s Motion to Further Consolidate Pre-Trial Dates (Mar. 25, 2009) [*AOL* Dkt. No. 136], at 4-5.) Indeed, efficiency is the reason the parties previously jointly moved for consolidation through claim construction. (*See* Joint Motion to Consolidate for Purposes of Claim Construction (Sept. 18, 2008) [*AOL* Dkt. No. 108], at 3 ("Consolidating for purposes of claim construction . . . will be efficient for both the parties and the Court.").)

In the consolidated action, the December 6, 2010 trial date in the *Blockdot* action would be moved six months to the June 6, 2011 trial date set for the *AOL* action. The *CareerBuilder* action also would be set for the June 6, 2011 *AOL* trial date. This schedule will not prejudice Plaintiff, which waited nearly four months after the '943 patent issued to file suit, accusing the same products as it had in the previous actions. Moreover, in the two additional months since the *CareerBuilder* case was filed, Plaintiff has yet to serve any of the Defendants in the new *CareerBuilder* action.

In fact, consolidation would be to all parties' benefit. Aside from the clear efficiencies in discovery, claim construction, expert-related motions, and summary judgment briefing, Plaintiff would gain an earlier trial date in the *CareerBuilder* action under Defendants' proposed consolidated schedule than it otherwise would be able to obtain. And, rather than having two *Markman* hearings and three trials on overlapping issues, the Court and the parties would endure just one of each.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consolidate the *AOL*, *Blockdot*, and *CareerBuilder* actions and adopt the proposed schedule attached hereto as Exhibit D.

Dated: August 7, 2009               Respectfully submitted,

*By: /s/ Diane V. DeVasto*
Diane V. DeVasto
State Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX 75710
Telephone: (903) 597-8311
Telecopier: (903) 593-0846

David A. Nelson
davidnelson@quinnemanuel.com
Tigran Vardanian
tigranvardanian@quinnemanuel.com
Ellen Padilla
ellenpadilla@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES LLP
250 S. Wacker Drive, Suite 230
Chicago, IL 60606
Telephone: (312) 463-2961
Telecopier: (312) 463-2962

**ATTORNEYS FOR DEFENDANT CAREERBUILDER, LLC**

*/s/ Brian S. Rosenbloom w/permission by Diane DeVasto*
Sam Baxter
sbaxter@mckoolsmith.com
McKOOL SMITH P.C.
P.O. Box O
104 East Houston St., Suite 300

Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Brian S. Rosenbloom
brosenbloom@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK
1425 K. Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Telecopier: (202) 783-6031

Steven M. Lieberman
slieberman@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK
1425 K. Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Telecopier: (202) 783-6031

**ATTORNEYS FOR DEFENDANT
THE NEW YORK TIMES COMPANY**


*/s/ Edric Itchon w/permission by Diane DeVasto*
Mark Nolan Reiter
mreiter@gibsondunn.com
Steven Mark Geiszler
sgeiszler@gibsondunn.com
GIBSON DUNN & CRUTCHER
2100 McKinney Ave., Suite 1010
Dallas, TX 75201
Telephone: (214) 698-3100
Telecopier: (214) 571-2907

Wayne M. Barsky
wbarsky@gibsondunn.com
GIBSON DUNN & CRUTCHER, LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067
Telephone: (310) 557-8183
Telecopier: (310) 552-7010

Richard M. Koehl
rkoehl@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP - NYC

200 Park Ave.
New York, NY 10166
Telephone: (212) 351-2636
Telecopier: (212) 351-5326

Edric C. Itchon
EItchon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP – PALO ALTO
1881 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 849-5342
Facsimile: (650) 849-5042

**ATTORNEYS FOR DEFENDANTS CNET
NETWORKS, INC. AND JABEZ NETWORKS, INC.**


*/s/ D. Stuart Bartow w/permission, with permission by
Diane DeVasto*
Byron Willie Cooper
bcooper@goodwinprocter.com
D. Stuart Bartow
sbartow@goodwinprocter.com
GOODWIN PROCTER LLP - Menlo Park
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 752-3100
Telecopier: (650) 853-1038

**ATTORNEYS FOR DEFENDANT DIGG, INC.**


*/s/ Frank G. Montemalo w/permission by Diane DeVasto*
Frank G. Montemalo
fgmontemalo@culleymarks.com
Jason M. Roth
jroth@culleymarks.com
CULLEY MARKS TANENBAUM
& PEZZULO
36 West Main Street, Suite 500
Rochester, NY 14614
Telephone: (585) 546-7830
Telecopier: (585) 546-6456

**ATTORNEYS FOR DEFENDANT ERIC'S
UNIVERSE, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this the 7th day of August 2009.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/  Diane DeVasto*

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendant CareerBuilder LLC., a party in *Beneficial Innovations v. Blockdot, Inc. et al.*, Civil Action No. 2:07-cv-263-TJW-CE, conferred on July 21, 2009 and July 27, 2009 with counsel for Plaintiff Beneficial Innovations, Inc. and counsel for named Defendants in a good faith attempt to resolve the issues raised by this motion. The parties were not able to reach an informal resolution of the issues raised in this motion.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/  Diane DeVasto*