# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC., | § § § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-263-TJW-CE |
| | § | |
| BLOCKDOT, INC.; CAREERBUILDER, LLC.; CNET NETWORKS, INC.; DIGG, INC.; EBAUM'S WORLD, INC.; JABEZ NETWORK, INC.; THE NEW YORK TIMES COMPANY; THE WASHINGTON POST COMPANY; THE WEATHER CHANNEL INTERACTIVE, INC., | § § § § § § § § § | |
| *Defendants*. | § § | |
| BENEFICIAL INNOVATIONS, INC., | § § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-555-TJW-CE |
| | § | |
| AOL LLC; THE DALLAS MORNING NEWS, INC.; GOOGLE INC.; IGN ENTERTAINMENT, INC.; MORRIS COMMUNICATIONS COMPANY, LLC; TRIBUNE INTERACTIVE, INC.; YAHOO! INC.; YOUTUBE, LLC, | § § § § § § § § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant New York Time Company's motion for reconsideration of the Court's claim construction order and Defendants Google Inc.'s and YouTube LLC's motion on same. [*See* Dkt. No. 258 in case number 207-CV-263 and Dkt. No. 254 in case number 207-CV-555]. The two pending motions contain substantially the same arguments and will be treated

1

as one motion for the purposes of this order. Plaintiff Beneficial Innovations, Inc. ("Beneficial") opposes Defendants' request. For the following reasons, the Court GRANTS Defendants' motions.

I. BACKGROUND

This Court entered a claim construction order on April 12, 2010 construing certain terms of U.S. Patent Nos. 6,183,366 ("the '366 patent") and 6,712,702 ("the '702 patent"). [*See* Dkt. No. 253.] The '366 patent is currently pending in reexamination before the United States Patent and Trademark Office ("USPTO"). On February 5, 2010, the USPTO issued an Office Action in the '366 patent reexamination (the "Office Action") rejecting certain claims based upon certain prior art. In the '366 patent reexamination, the Examiner rejected claim 1 over an article published in Internet Week ("Internet Week") that described a prior art search engine operated by InfoSeek. In describing the InfoSeek search engine, the prior art reference states that if a user inputs a keyword in the search engine that is purchased by an advertiser, the advertiser's message will automatically appear on the top of the screen when the service provides links to the requested information. In other words, when the consumer inputs a search query, the InfoSeek search engine returns both the search results and a banner advertisement. Thus, the advertisements are not specifically sought by the user, but rather, appear in response to "key words" found in a user's search query. In response to the Office Action, on April 5, 2010 ("Response to Office Action"), a week before this Court issued its claim construction order, the patentee filed an Amendment and Response that made certain arguments in traversing the Examiner's rejections. Among those arguments included a section where the patentee distinguished the "unrequested" advertising in the prior art from the claimed invention by

arguing that the banner advertisement being delivered by the InfoSeek search engine with the search results was not "unrequested" advertising:

> There is no teaching of providing **"unrequested" advertising (e.g., advertising that just appears and is not in response to any immediately previous user input, e.g. a pop-up ad).** All that is stated in the Internet Week reference is that ads should be changed, e.g., at least once a week, or "to cycle them evenly through a week." This is clearly not presenting an unrequested advertisement. In fact, this Internet Week reference illustrates the very primitive advertising capabilities available on the Internet in mid 1995, wherein advertisements were substantially (if not entirely) static per user website session in mid 1995.

Response to Office Action at 32 (emphasis added). The Defendants ask the Court to reconsider the previously construed "unrequested" term in view of the patentee's remarks to the USPTO.

## II. LEGAL STANDARD

The grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

This order need not repeat the governing law for claim construction, which was discussed at length in this Court's original claim construction order. [*See* Dkt. No. 253.] Statements made during prosecution or reexamination may commit the patentee to a particular meaning for a patent term, which meaning is then binding in litigation. *CVI/Beta Ventures v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997). Further, statements made by a patentee during reexamination to distinguish a claim from the prior art may serve to limit the scope of the claim. *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1362-63 (Fed. Cir. 2007) ("We agree with the district court that the reexamination characterization of [the prior art] requires the construction that the '422 claims exclude [certain] information …."). "A court may look to incomplete reexamination

proceedings during claim construction." *Tesco Corp. v. Weatherford International, Inc.*, --- F. Supp. 2d ---, 2010 WL 1443540, *4 (S.D. Tex. 2010); *see Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008) ("The district court should monitor the proceedings before the PTO to ascertain whether its construction of any of the claims has been impacted by further action at the PTO or any subsequent proceeding.").

## III. DISCUSSION

During the briefing on claim construction for the term "unrequested," Beneficial offered the proposed construction of "not requested by the user" whereas Defendants proposed "not sent in response to a signal from a user's computer." In the Court's claim construction order, the Court rejected Defendants' proposal and construed the term "unrequested" to mean "not requested by the user." The Defendants ask the Court to reconsider its construction of the term "unrequested" in view of Beneficial's remarks to the USPTO. Defendants request that the Court construe the term "unrequested" to mean "just appears and is not in response to any immediately previous user input."

Defendants contend that the patentee's arguments to the USPTO during reexamination contradict the arguments made by Beneficial during the claim construction hearing before this Court. Defendants argue that Beneficial wants the term "unrequested" to mean one thing in this litigation to prove infringement and to mean something else before the USPTO to preserve validity. At the claim construction hearing, Plaintiff provided to the Court an example of what it considered to be an "unrequested advertisement." The example showed the user inputting a query into a Google search engine and receiving a web page in immediate response to this input. The web page contained results of the search performed by the search engine together with an

4

advertisement. Even though the web page containing advertisement was sent in immediate response to the user inputting the query, Plaintiff characterized the advertisement on that web page as "unrequested." Defendants argue that this example of the "unrequested" advertisement at the claim construction hearing is substantively indistinguishable from the advertisement disclosed in Internet Week that Plaintiff argued is not "unrequested" to the USPTO.

Beneficial argues that it did not expressly define the term "unrequested" in the reexamination. Rather, in arguing to the USPTO that the asserted prior art reference did not teach a system that provided "unrequested" advertising, Beneficial argues that it merely provided the Examiner with an example of one type of advertisement that would be an advertisement that was not requested by the user. Beneficial also argues that the example of an unrequested advertisement that it presented to the USPTO is consistent with its proposed claim construction to this Court and refutes the construction proposed by the Defendants during claim construction. Beneficial also argues that its arguments to the USPTO do not constitute the clear and unambiguous disavowal of claim scope that would be required to overcome a construction compelled by the ordinary meaning of the claim language and the specification.

In distinguishing the prior art during reexamination, the patentee provided an example of "unrequested advertising" as "advertising that just appears and is not in response to any immediately previous user input, e.g. a pop-up ad." The Court finds that the patentee was not merely giving an example of an unrequested advertisement, but was defining the term "unrequested" in its attempt to distinguish the prior art. By distinguishing the claimed invention over the prior art during the reexamination, Beneficial has taken a position on how the term "unrequested" should be construed. The Court rejects Defendants' contention that the remarks

during reexamination support Defendants' proposed construction during claim construction. However, while the example of "unrequested advertising" made during reexamination is not directly inconsistent or contradictory with the Court's construction, it is certainly a narrowing of the Court's construction for the term "unrequested." Further, the Court finds that Beneficial's arguments to the Examiner that the prior art *is not* "unrequested," in which the search engine returns both the search results and a banner advertisement in response to a user's search query, is contradictory to its arguments to this Court that a web page responsive of Google search results combined with an advertisement *is* "unrequested."

The Federal Circuit is clear that a claim is to be interpreted by the prosecution history of the patent, which includes arguments made during any reexamination. *See CIAS*, 504 F.3d at 1362-63; *CVI/Beta*, 112 F.3d at 1158. The Court rejects Beneficial's arguments that this Court should ignore the arguments and remarks made to the USPTO during reexamination, particularly in light that its arguments to the USPTO are contradictory to arguments it made to this Court. The Court will not allow Beneficial to make arguments as to the interpretation of claims in this Court and then to make contradictory arguments to the USPTO in distinguishing the prior art without any effect on the scope of the claim. Defendants propose that this Court adopt verbatim Beneficial's arguments during reexamination that "unrequested" should mean "just appears and is not in response to any immediately previous user input." The language "just appears" is not particularly helpful in the construction of the term, and thus the Court rejects Defendants' proposal that includes this language. The Court finds that the term "unrequested" should be construed to mean "*not in response to any immediate previous input by the user.*"

## IV. CONCLUSION

The Court finds that the construction for the term "unrequested" should be modified in light of Beneficial's remarks and arguments to the USPTO during reexamination of the '366 patent. The Court adopts the construction set forth in this opinion for the "unrequested" term in the '366 patent. The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court.

SIGNED this 3rd day of June, 2010.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE